## THACHER v. UNITED STATES.
### No. L–436.

Court of Claims.
June 19, 1933.

A. L. Lisenby, of Washington, D. C. (Weill, Satterlee, Spence & Blakely and Hugh Satterlee, all of Washington, D. C., and Walter C. Blakely, of Philadelphia, Pa., on the brief), for plaintiff.

J. W. Hussey, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WHALEY, WILLIAMS, LITTLETON, and GREEN, Judges.

WHALEY, Judge.

On May 10, 1922, plaintiff created five irrevocable trusts, and on January 8, 1924, he created a sixth irrevocable trust. The trust respectively set over certain policies of insurance on the life of plaintiff, and, in addition, certain securities. The beneficiaries of the first five trusts were plaintiff's children and his wife, and the beneficiary of the sixth trust was a subsequently born child. All of the trusts were set up before the date of the enactment of the Revenue Act of 1924 (Act June 2, 1924, 43 Stat. 253). Each trust provided that as much of the income from the securities vested therein as should be necessary for the payment of premiums on the life insurance policies in the trust should be employed for the payment of said premiums on said policies, and that the balance, if any, should accumulate for stated distributions to the beneficiaries.

The facts have been stipulated. The issues presented are:

First. Whether Congress intended section 219 (h) of the Revenue Act of 1926 (26 US CA § 960 note), in so far as it requires that there be included in the net income of the grantor any part of the income of a trust which is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor, should apply to trusts such as those here involved.

Second. If it did, whether the statute was unconstitutional.

In the recent case of Burnet, Commissioner, v. Wells, 53 S. Ct. 761, 77 L. Ed. 1439, decided by the Supreme Court on May 29, 1933, the court upheld the validity of the contested statute and held that the act applied to irrevocable as well as revocable trusts. In our opinion, the Wells Case is decisive of this case.

The petition is dismissed. It is so ordered.

BOOTH, Chief Justice, did not hear this case on account of illness, and took no part in its decision.